

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00119-CR

WAYNETTA MARIA JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 43406-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Wynetta Maria Jackson appeals her conviction for the state jail felony of theft.[1] Jackson's appellate counsel has filed a brief which discusses the record and reviews the proceedings in detail. After counsel's professional evaluation of the record, he has concluded there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). After conducting our own review of the record, we find there are no meritorious grounds for appeal, and we affirm the trial court's judgment and sentence.

Counsel mailed a copy of the brief and a letter to Williams on or about October 22, 2014, informing Jackson of her right to file a pro se response, her right to review the record of the trial proceedings in doing so, and her right to petition the Court of Criminal Appeals should the Court affirm the trial court's judgment. Counsel stated in his letter to Jackson that he sent her a copy of the trial record.[2] Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. As of the date this opinion was issued, we had heard nothing from Jackson suggesting she wished to file a pro se response to counsel's *Anders* brief.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment

---

[1]Jackson stood accused of theft of property valued less than $1,500.00, where she had previously twice been convicted of theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014).

[2]Counsel has, therefore, complied with the Court of Criminal Appeals' requirements listed in *Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014).

2

that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[3]

Bailey C. Moseley
Justice

Date Submitted:     February 3, 2015
Date Decided:       February 4, 2015

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.